CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JAN 24  AM 11: 48

DEPUTY CLERK

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| JOSE ALFREDO GUADIAN-SALAZAR, | § | |
| Institutional ID No. 78944-179, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | **6:12-CV-00043** |
| GOVERNMENT EMPLOYEE'S | § | **ECF** |
| INSURANCE CO., *et. al.,* | § | |
| | § | |
| Defendants. | § | **Assigned to U.S. Magistrate Judge** |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jose Alfredo Guadian-Salazar, who is proceeding *pro se*, filed his complaint under

42 U.S.C. § 1983 on May 25, 2012. (Doc. 3). He consented, (Doc. 12), to having the United States

magistrate judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). He has

responded, (Doc. 7), to a questionnaire, (Doc. 6), from the Court.

Defendants in this case include the Government Employee's Insurance Company ("GEICO"),

GEICO claims examiner Linda Brown, and GEICO policy holder/insured William H. Wood. The

Defendants in the instant suit are not state actors, and therefore, are not subject to liability under §

1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law.");

*Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999) ("[Section] 1983 is not

itself a source of substantive rights; it merely provides a method for vindicating federal rights

conferred elsewhere."); *see also Bass v. Parkwood Hospital*, 180 F.3d 234, 242 (5th Cir.1999). Accordingly, Plaintiff's claims, as to all Defendants, lack an arguable basis in law or fact and should be dismissed with prejudice as frivolous.

   **IT IS, THEREFORE, ORDERED** that all such claim(s) against any Defendant(s) are **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

   Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

   Any pending motions are **DENIED.**

   A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

   **SO ORDERED.**


   DATED this 24th day of January, 2013.


                                                    _____
                                                    E. SCOTT FROST
                                                    UNITED STATES MAGISTRATE JUDGE